PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE R. GARCIA,

    Plaintiff,

-v-                                        16-CV-6601L
                                            ORDER
SENECA COUNTY, BARRY PRSCH
and JOHN NABINGER,

    Defendants.

---

## INTRODUCTION

Plaintiff, Jose R. Garcia, an inmate of the Seneca County Jail, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 5). Plaintiff claims that Seneca County, Seneca County District Attorney Barry Porsch and Assistant Public Defender John Nabinger, violated his rights by the manner in which his criminal prosecution and conviction were conducted. For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted, but his Complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Preliminarily, by Order dated September 1, 2016, Plaintiff was directed to redact his Complaint to exclude the name and identifying information of the victim. Plaintiff has not done so.

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*; "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted. In addition, the Court finds that the remainder of plaintiff's claims must be dismissed unless plaintiff files an amended complaint as directed below.

Plaintiff's claims of malicious prosecution and denial of due process during his criminal prosecution are subject to dismissal with prejudice. Plaintiff alleges that the Assistant District Attorney for Seneca County who presented his case to the Grand Jury knowingly lied to the Grand Jury and withheld exculpatory evidence, and that the Defendant District Attorney allowed him to do so. He alleges that the District Attorney's poor office management and lack of training caused the violation. Plaintiff has not named as a defendant the Assistant District Attorney who he alleges lied. Plaintiff also alleges that his public defender coerced, threatened and intimidated him into pleading to a crime he did not commit.

**Malicious prosecution claim**

In order to establish a malicious prosecution claim, a plaintiff must show (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted

with malice, and (4) that the prosecution was terminated in the plaintiff's favor. *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999) (citing *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997).

Plaintiff has not alleged that his conviction has been overturned or otherwise invalidated. It therefore appears that Plaintiff cannot allege two elements of the cause of action, the lack of probable cause and the terminated of the prosecution in his favor. The return of an indictment creates a presumption as to the existence of probable cause. See, e.g., *Marshall v. Sullivan*, 105 F.3d 47, 54 (2d Cir.1996). Although that presumption is rebuttable by a showing "that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith," *id.; see, e.g., Colon v. City of New York*, 60 N.Y.2d 78, 82-83 (1983), this has not been established in this case by the reversal of his conviction. The absence of probable cause is an essential element of a claim for malicious prosecution. *See Colon*, 60 N.Y.2d at 82. Because plaintiff was indicted, and the charges were neither dismissed nor was he acquitted, he cannot currently make that showing with respect to the commencement or continuation of the criminal prosecution. The malicious prosecution claim must, therefore, be dismissed as premature, without prejudice to refiling if the conviction is reversed or the lack of probable cause has been otherwise established.

**Due Process Claims**

Plaintiff's other due process claims relating to the conduct of the prosecution must be dismissed as well. When a litigant seeks to challenge the fact or duration of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v.*

4

*Rodriguez*, 411 U.S. 475, 500 (1973). The United States Supreme Court has discussed the parameters of the *Preiser* exception to § 1983 actions. *Wilkinson, et al. v. Dobson, et al.*, 544 U.S. 74 (March 7, 2005). "Throughout the legal journey from *Preiser* to *Balisok,* the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81 (discussing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Heck v. Humphrey*, 512 U.S. 477 (1994); and *Edwards v. Balisok*, 520 U.S. 641 (1997). "These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--<u>if</u> success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82. Accordingly, Plaintiff's claims may only proceed by way of a petition for habeas relief, absent prior invalidation of his conviction. Any claim Plaintiff may have regarding the due process challenges to his conviction will not accrue until he has either been acquitted or overturned his conviction. Plaintiff's due process claims must be dismissed without prejudice to their refiling once his conviction is overturned.

**Amended Complaint**

For the reasons described above, Plaintiff's claims of malicious prosecution and denial of due process are subject to dismissal. Because it appears that Plaintiff cannot

5

allege any facts that would change the result unless or until he has successfully overturned his conviction, the Court declines permit plaintiff to file an amended complaint. Leave to amend pleadings may be denied where amendment would be futile, see *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

**Claim against Public Defender**

Plaintiff has named his public defender in this § 1983 action. In order to support a § 1983 claim, the Defendant must be acting under "color of state law." It is well established, however, that an attorney representing a client in a criminal trial, whether that attorney is a public defender, legal aid attorney or court-appointed counsel, is not acting under the color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, the claims against the defense attorney must be dismissed because the Defendant was not acting under "color of state law" and therefore no § 1983 claim against him may be maintained.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that the claims against John Nabinger are dismissed with prejudice;

FURTHER, that Plaintiff's remailing claims are dismissed without prejudice;

FURTHER, that Plaintiff will not be allowed to amend the Complaint;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

_____
David G. Larimer
United States District Judge

DATED: October 4, 2016
Rochester, NY